**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

| | |
|---|---|
| Christopher Todd Ross,<br><br>Plaintiff,<br>v.<br><br>Diversified Consultants, Inc.; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No.: 1:13-CV-79(WLS)<br><br><br><br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Christopher Todd Ross, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Christopher Todd Ross ("Plaintiff"), is an adult individual residing in Albany, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Diversified Consultants, Inc. ("Diversified"), is a Florida business entity with an address of 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida

32256-2805, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Diversified and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Diversified at all times acted by and through one or more of the Collectors.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

**A. The Debt**

8. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor") by a third party (the "Debtor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Diversified Engages in Harassment and Abusive Tactics**

12. Within the last year, Diversified contacted Plaintiff in an attempt to collect the Debt.

13. During the initial contact and during each contact thereafter, Diversified stated that the call was an attempt to collect the Debt and requested to speak to Debtor.

14. During the initial conversation and every conversation thereafter, Plaintiff informed Diversified that he was not the Debtor, that he did not know the whereabouts of the Debtor, and that he was in no way associated with the Debt.

15. During the initial conversation and during every conversation thereafter, Plaintiff requested that Diversified cease all collection attempts to Plaintiff and advised that the calls were inconvenient and harassing.

16. Despite having been so informed during every telephone contact with Plaintiff, Diversified continued to contact Plaintiff in an attempt to collect the Debt at an excessive rate, oftentimes causing Plaintiff's cellular phone to ring three to five times per day, multiple times per week for successive weeks.

17. Each time, Diversified acted as if it had not been informed on several occasions that the Debtor did not reside with Plaintiff and that Plaintiff did not have the Debtor's contact information. This caused a great degree of distress and aggravation to Plaintiff.

18. Oftentimes, when Plaintiff did not answer the phone, Diversified left a pre-recorded message. Plaintiff never authorized Diversified to place automated calls to his cellular phone or to communicate with him by the means of pre-recorded messages.

### C. **Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

25. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.**

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

34. Georgia further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Georgia state law.

35. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced telephone calls.

36. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

37. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

38. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

39. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT IV
## INTENTIONAL (OR RECKLESS) INFLICTION OF EMOTIONAL DISTRESS

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

41. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

42. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Georgia.

43. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

44. Defendants could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

45. Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

46. Defendant's conduct resulted in reckless infliction of emotional distress under the laws of the State of Georgia.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
3. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
5. Punitive damages; and
6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 3, 2013

By: *<u>/s/ Sergei Lemberg</u>*
Sergei Lemberg, Esq.
Georgia Bar No. 598666
Attorney for Plaintiff Christopher Todd Ross
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, Third Floor
Stamford, CT 06905
Telephone: (855) 301-2100 ext. 5500
Facsimile: (888) 953-6237
Email: slemberg@lemberglaw.com